## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Amoena USA Corp.,                          ) | |
| )   Plaintiff,                                      ) | Court No. 20-00101 |
| v.                                                   ) | |
| United States,                                  ) | |
| )   Defendant.                                   ) | |

### COMPLAINT

Plaintiff, through its undersigned attorneys, alleges the following as its complaint in this case:

1. The Court has jurisdiction of this action under 28 U.S.C. § 1581(a).

2. Plaintiff was the importer of record.

3. The protest and summons in this action were timely filed.

4. All liquidated duties, charges and exactions were paid prior to the commencement of this action.

5. The subject merchandise consists of mastectomy brassieres that are referred to on the underlying commercial invoices by a variety of style names and item numbers.

6. All of the mastectomy brassieres imported under the subject entry were classified upon liquidation under subheading 6212.10.90.20 Harmonized Tariff Schedule of the United States ("HTSUS"), which provides for "other brassieres of manmade fiber," dutiable at 16.9% *ad valorem* duty rate.

7. The subject merchandise is properly classifiable under subheading 9021.39.0000,

HTSUS, which provides for "Orthopedic appliances artificial parts of the body; parts and accessories thereof: Other artificial parts of the body and parts and accessories thereof: Other," free of duty.

8. Artificial breast forms are a type of prosthesis and are used by women who have had mastectomies or similar procedures and who have not had reconstructive surgery.

9. Artificial breast forms are artificial parts of the body.

10. Artificial breast forms are classified by U.S. Customs and Border Protection under Heading 9021, HTSUS.

11. The subject mastectomy brassieres were designed to be used by women who have undergone mastectomies or similar procedures.

12. The subject merchandise provides support to hold an artificial breast form in position, and to prevent the form from falling, slipping, sinking or creating any discomfort during daily activities, and to provide the wearer with the confidence to resume normal physical activities while using an artificial breast form.

13. The subject mastectomy brassieres and the artificial breast form are designed to work together to create symmetry with the remaining natural breast, providing the wearer, *inter alia*, with very real psychological benefits after invasive surgery.

14. The subject merchandise is principally used as an accessory to the artificial breast forms which they are specifically designed to hold.

15. The subject merchandise is fitted and sold by certified fitters in predominantly medical settings (e.g. hospitals, doctors' offices, pharmacies) because complex fitting of the artificial breast form and the mastectomy brassiere to the body is required.

16. Note 1(b) of Chapter 90 excludes "supporting belts or other support articles of textile material, whose intended effect on the organ to be supported or held derives solely from their elasticity" from that chapter.

17. The term "organ" used in Note 1(b) to Chapter 90 refers to a natural organ of the body.

18. The artificial breast form held in place by mastectomy brassieres is not an "organ" of the body as the term "organ" is used in Note 1(b) of Chapter 90.

19. The intended effect of the subject mastectomy brassieres on the artificial breast form is not derived solely from the elasticity of its components.

20. The subject garments include non-elastic component materials that significantly contribute to holding the artificial breast form in place.

21. Note 1(b) of Chapter 90 does not exclude the subject mastectomy brassieres from classification in Heading 9021, HTSUS, because the artificial breast form is not an organ of the body. Additionally, the intended function of the subject mastectomy brassieres is not derived solely from the elasticity of its components.

22. Note 2 of Chapter 90 states that articles solely or principally used as parts or accessories of items of Chapter 90 are to be classified with these items in this chapter.

23. The subject mastectomy brassieres are principally used as accessories of artificial breast forms that are classified in Chapter 90, HTSUS.

24. The subject merchandise is classifiable in Heading 9021, HTSUS, pursuant to Note 2 to Chapter 90 and General Rule of Interpretation 1 and 6 because artificial breast forms are classified under Heading 9021, HTSUS.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests the Court to find that the subject merchandise is correctly classifiable under subheading 9021.39.0000, HTSUS, and to order CBP to re-liquidate the subject entries with refunds of all excess duties paid and with interest as provided by law.

                                            Respectfully submitted,

                                            GRUNFELD, DESIDERIO, LEBOWITZ
                                            SILVERMAN & KLESTADT LLP
                                            Attorneys for Plaintiff
                                            599 Lexington Avenue
                                            36th Floor
                                            New York, New York 10022
                                            Tel. (212) 557-4000
                                            jspraragen@gdlsk.com

                            By:  s/William F. Marshall
                                    Robert B. Silverman
                                    William F. Marshall

Dated: May 31, 2024
       New York, New York

10556583_5